

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 23, 1947

**FAGAN DICKSON**
FIRST ASSISTANT

Honorable L. A. Woods
State Superintendent of
    Public Instruction
Department of Education
Austin, Texas

Opinion No. V-465

Re: Authority of State Board of
    Education to adopt "consum-
    able" textbooks.

Dear Sir:

    Your letter of recent date inquiring as to the legality of awards of contracts by the State Board of Education for "consumable" textbooks reads, in part, as follows:

    "In recent years several contracts have been awarded for textbooks which are in the general classification of workbooks and which are used up each year or each half year. For the most part such books are used by the pupils in the pre-primer and primer levels of the first grade although there is a growing tendency to extend upward such adoptions. There are now in existence contracts on worktype books in the pre-primer, primer, first, and second grade levels.

    "Contracts on worktype books are very expensive since a complete supply must be purchased annually; and because of the very nature of such books, they are more expensive to produce than traditional types of textbooks.

    ". . . .

    "At the recent textbook adoption, a contract was awarded for consumable textbooks in Handwriting for grades one and two. The contract period on this particular award was fixed at six years. This means that for the two grades involved the State must purchase a complete set of new Handwriting books for each of the six years, or approximately two million copies at $0.195 per copy. For all other grades the traditional type copybooks for Handwriting were adopted, and although they are paper-bound, records of the past years indicate that they will last three or more years. The contract period on these books was for six years also, and the State will probably have to buy for grades three,

four, five, six, seven, and eight approximately two million copies only at $0.11 each. The purchase of consumable type books on this basis in Handwriting for grades one and two will cost more than five times as much as traditional type books would cost.

"Please give me the benefit of your opinion concerning the following question:

"Is it legal for the State Board of Education to award contracts on consumable textbooks in Handwriting for grades one and two? "

Article 2842, V.C.S., provides:

"It shall be the duty of the State Board of Education . . . to meet . . . for the purpose of considering the advisability of continuing or discontinuing, at the expiration of each current contract, any and all of the State adopted textbooks if used in the public schools of Texas, and of making such adoptions as are provided for in Articles 2843, 2844, and 2844a, Revised Civil Statutes, 1925, as amended. Before making any change in the adopted series, however, the State Board of Education shall, upon thorough investigation, satisfy itself that a change is necessary for the best interest of the school children and that such change is consistent with financial economy. Provided, that unless new texts better suited to the requirements of the school and at a price and quality satisfactory to the Board are offered to supplant existing texts, then the Board shall renew the existing contracts for such a period as may be deemed advisable not to exceed a period of six (6) years. . . Provided further that before the Board shall determine to displace any book upon which the contract is expiring, it shall, before making a new contract for a new text, ascertain through the office of the State Superintendent of Public Instruction the number of usable books of the kind on which the contract has, or is about to expire, there are on hand, and also the estimated number of such books that would be required to supply the needs of the Schools of the State using said books for the first, second, and third years immediately succeeding the expiration of the contract on said books . . . If, upon consideration of the cost of the books required to supply such needs for such a period, it appears to the Board that it will be economical to do so, it may make a contract with such publisher to furnish such books during said first, second year or third year period with a view

to using up the entire supply of such books on hand instead of wasting the same at the expiration of the original contract. At the expiration of such period, the Board shall then make a contract for a textbook on the subject . . . The series of copy books and series of drawing books shall each be considered as one book. . ."

Article 2843, V.C.S., as amended by Senate Bill No. 215, 50th Legislature, Regular Session, Acts 1947, reads, in part, as follows:

"The Textbook Commission (State Board of Education) authorized by this Act shall have authority to select and adopt a uniform system on textbooks to be used in the public free schools of Texas, and the books so selected and adopted shall be printed in the English language, and shall include and be limited to textbooks on the following subjects: Spelling, reading, . . . a system of writing books, a system of drawing books, . . ."

Article 2848, V.C.S., provides:

". . . The textbooks shall be selected and adopted after a careful examination and consideration of all books presented, and the books selected and adopted shall be those which, in the opinion of the Commission, are most acceptable in the schools—quality, mechanical construction, paper, print, price, authorship, literary merits and other relevant matters being given such weight in making its decision as the Commission may deem advisable . . . no textbook shall be adopted until it has been read carefully and examined by at least a majority of the Commission." (Emphasis in above quotations ours).

Article 2848, V.C.S., vests the State Board of Education with final discretionary authority to select and adopt those textbooks authorized by statute which, in the opinion of the Board, are most acceptable in the schools, the cost or price thereof being given such weight in making its decision as the Board may deem advisable.

Likewise, as to previously adopted textbooks on any subject, the Board is further authorized under Article 2842, V.C.S., to make a change provided it satisfies itself "that a change is necessary for the best interest of the school children and that such change is consistent with financial economy." Indeed, "unless new texts better suited to the requirements of the school and at a price and quality satisfactory

to the Board are offered to supplant existing texts," the statute provides that the Board shall renew the existing contracts.

Presumably, the Board in adopting a new textbook in Handwriting, referred to in your letter as being in the "consumable" form rather than in the traditional copy book form, has determined that this Handwriting book adopted is the most acceptable in the schools and that it is best suited for the requirements of the school or classes involved, the matter of price and replacement having been fully considered.

We find no statutory requirement that limits the Board in its adoption or readoption of textbooks in respect to the selection of texts of the traditional type. It is true, the Legislature has wisely stressed financial economy in the matter of adoption of textbooks and has provided a procedure to avoid waste, requiring the using up of those textbooks to be supplanted with new adoptions. The primary duty of the Board of Education in this matter is to select and adopt such texts as should be for the best interest of the school children of Texas.

Accordingly, we answer your submitted question in the affirmative.

### SUMMARY

Acting under and by virtue of the provisions of Article 2842, 2843 and 2848, V.C.S., the State Board of Education may legally award contracts on consumable textbooks in Handwriting for grades one and two.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO/mw/JCP

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL